United States District Court
Southern District of Texas

**ENTERED**

July 01, 2026

Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| Drake Alexander-Sterling Hodge, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action H-25-3276 |
| | § | |
| Family Dollar Stores of Texas, | § | |
| LLC, | § | |
| *Defendant.* | § | |

### ORDER ON DEFENDANT'S MOTION TO DISMISS
### FOR FAILURE TO STATE A CLAIM

Pending before the court is Defendant's Motion to Dismiss. ECF No. 15. The Motion to Dismiss is **GRANTED**, and this case is **DISMISSED with prejudice**.

### *1. Background Facts and Procedural History*

Plaintiff Drake Alexander-Sterling Hodge, proceeding pro se, alleges that he was wrongfully terminated by Defendant Family Dollar Stores of Texas, LLC after he was accused of sexual harassment by another employee. ECF No. 14 at 1–4. Plaintiff seeks $4 million in damages and payment of past-due rent. *Id.* at 7.

The court liberally construes pro se pleadings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citation omitted). In deciding the instant Motion, the court has considered the facts set forth in Plaintiff's Amended Complaint, ECF No. 14, as well as those in Plaintiff's Original Complaint, ECF No. 4, and its attachments.[1] The attachments to Plaintiff's Original Complaint

---

[1] The court notes that in its order granting Plaintiff leave to amend his complaint, it specifically directed Plaintiff not to "make reference to earlier-filed documents or pleadings." ECF No. 11 at 1. Plaintiff ignored the court's order. ECF No. 14 at 1. Nevertheless, for the sake of fairness and completeness, and given Plaintiff's pro se

include a Determination on Payment of Unemployment Benefits letter issued by Texas Workforce Commission (TWC), ECF No. 4-3 at 2–3; screenshots and transcriptions of text messages that were purportedly exchanged between Plaintiff and his co-workers and management, ECF Nos. 4-4, 4-5, 4-7; portions of employee work schedules, ECF No. 4-6 at 2–7; Plaintiff's Letter of Intent to Sue, ECF No. 4-9 at 2–10; and a February 2025 email to Plaintiff from Dollar Tree Management, Inc., ECF No. 4-10 at 2.

### A. Background Facts

Because Plaintiff's Original Complaint goes into significantly more factual detail than the Amended Complaint, most of the facts in this section are taken from the Original Complaint.

According to the Original Complaint, Plaintiff worked at one of Defendant's stores for four years as an assistant store manager and then as store manager. ECF No. 4 at 1. In February 2025, Defendant terminated Plaintiff after accusing him of sexual harassment of a co-worker. *Id.* The co-worker filed a sexual harassment complaint with Defendant's human resources department and provided evidence in the form of screenshots of her text message conversations with Plaintiff. *Id.* Defendant's human resources manager and district manager, along with representatives of a third-party entity, questioned Plaintiff about the communications and offered him the opportunity to prepare a written statement in response to the allegations. *Id.* at 1–2. Plaintiff did not submit a statement. ECF No. 14 at 3. He asserts that because he was suspended from his position, he was not provided with the opportunity to prepare his written statement during working hours, which prevented him from completing it. *Id.*

---

status, the court has considered all of the documents that appear to contain the facts Plaintiff has at his disposal.

After his termination, Plaintiff submitted an application for unemployment benefits to TWC. ECF No. 4 at 3. During TWC's evaluation of Plaintiff's application, Defendant presented evidence to TWC related to his termination. ECF No. 14 at 2. TWC ultimately concluded that "[t]he available evidence did not establish misconduct connected with the work" and granted Plaintiff's request for unemployment benefits. ECF No. 4-3 at 2.

In addition to his complaints about his termination, Plaintiff alleges that he was forced to work nearly every day of his last four months of employment and was only given two days off. ECF No. 4 at 3. Plaintiff further alleges that was not "paid more because [he] was a salaried employee . . . ." *Id.* Plaintiff states that the extensive working hours negatively impacted his university grades and class attendance. *Id.* Plaintiff alleges that his district manager, who was aware of his student status, "threatened to talk to [his] HR manager about demoting [him] . . . just because [he] was in college which is kind of discrimination in a way[.]" *Id.*

### B. Procedural History

Plaintiff filed this lawsuit on May 30, 2025, in the 164th Civil District Court of Harris County, Texas. ECF No. 1-2 at 2. Defendant filed its General Denial on July 7, 2025. ECF No. 1-4. One week later, Defendant removed the case to federal court based on diversity jurisdiction. ECF No. 1 at 2–3 (citing 28 U.S.C. § 1332(a)(1)). Following removal, Plaintiff filed an Original Complaint that was nearly identical to his earlier Original Petition—the only material difference was a correction to Defendant's name. *Compare* ECF No. 4 at 1 (naming Family Dollar Stores of Texas, LLC as defendant), *with* ECF No. 1-2 (naming Family Dollar, LLC as defendant); *see also* ECF No. 1 at 1 n.1 (stating that Family Dollar Stores of Texas, LLC is Plaintiff's former employer, while Family Dollar, LLC is a

3

Virginia-based entity that has no employees and never employed Plaintiff).

In October 2025, the court held the initial conference in the case. ECF No. 11. The court explained to Plaintiff that on the face of his Original Petition and Original Complaint, it was difficult to discern the nature of Plaintiff's allegations and stated causes of action. The court granted Plaintiff leave to amend his complaint. *Id.* It explained that "[t]he amended complaint shall contain all the facts, causes of action, and legal theories Plaintiff intends to assert in the case." *Id.* Moreover, it ordered that Plaintiff's "amended complaint shall not make reference to [his] earlier-filed documents or pleadings." *Id.* Plaintiff filed the third version of his complaint— his Amended Complaint—which added claims for "workplace sabotage," criminal conspiracy, and "concealment- failure to disclose." ECF No. 14.

Generally, Plaintiff takes issue with Defendant's investigation into the sexual harassment allegations against him and his resulting termination, which he believes was unlawful. Plaintiff alleges that the investigation was "very unfair, incompetent/negligent, and foul for a professional setting." ECF No. 4 at 2. He asserts that Defendant failed to properly define and understand the legal meaning of sexual harassment, and that it falsified the allegations against him. ECF No. 14 at 2. According to Plaintiff, the text messages that he sent to his co-worker were taken out of context and not reviewed in full. *Id.* at 3. He believes that his termination was unlawful. He also asserts that Defendant, through its general denial (ECF No. 1-4) filed in response to Plaintiff's Original Petition, concealed "the facts of the case based on what happened and the evidence [he] provided." ECF No. 14 at 4. Plaintiff also raises several complaints about the representations that Defendant made to TWC during its investigation into his application for benefits. He asserts that

4

Defendant "potentially stopp[ed] [him] from getting [his] benefits" by telling TWC that his employment was terminated for sexual harassment. *Id.* at 2. He also alleges that Defendant told TWC that he "was racist to [another employee]." ECF No. 4 at 4.

Within two weeks of Plaintiff filing his Amended Complaint, Defendant filed the instant Motion to Dismiss for failure to state a claim under Rule 12(b)(6). ECF No. 15. Defendant argues that Plaintiff failed to respond to the Motion. Therefore, the Motion is considered unopposed. *See* S.D. Tex. L.R. 7.4 (stating that failure to respond to a motion is "taken as a representation of no opposition"). At the same time, however, the court will not grant a dispositive motion merely because it is unopposed. *See Ramsey v. Signal Delivery Serv., Inc.*, 631 F.2d 1210, 1214 (5th Cir. 1980) (vacating and remanding after the district court granted defendants' motions to dismiss merely because they were unopposed). Instead, the court considers the Motion on its merits. In doing so, the court may accept the unopposed facts set forth in the motion to dismiss as undisputed. *See Eversley v. MBank Dall.*, 843 F.2d 172, 174 (5th Cir. 1988) (affirming summary judgment for the defendant when the district court accepted as undisputed the facts presented defendant's motion, where the plaintiff made no opposition to the motion).

### 2. *Legal Standard*

Rule 12(b)(6) authorizes the court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Generally, when considering a motion to dismiss, the court must limit itself to (1) the facts in the complaint; (2) documents attached to the complaint; and (3) matters of which the court may take judicial notice. *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019) (citation omitted). The court also has discretion to consider exhibits attached to the

complaint, as well as exhibits attached to a motion to dismiss, if they "are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citation omitted).

Under Rule 12(b)(6), the court determines whether the plaintiff's complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Calogero v. Shows, Cali & Walsh, L.L.P.*, 970 F.3d 576, 580 (5th Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

Courts accept "all well-pleaded facts as true" and "view[] them in the light most favorable to the plaintiff." *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 177 (5th Cir. 2018) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). "[A] plaintiff need only plausibly allege facts going to the ultimate elements of the claim to survive a motion to dismiss." *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 768 (5th Cir. 2019). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (internal citations omitted). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable[.]" *Id.* at 556 (internal citation omitted).

Only statements of *fact* are to be taken as true. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

6

Conclusory allegations are "disentitle[d] . . . to the presumption of truth." *Id.* at 681. Thus, the court, in reviewing the plaintiff's complaint, may neither "accept conclusory allegations" nor "strain to find inferences favorable to the plaintiffs." *Southland Sec. Corp. v. INSpire Ins. Sols., Inc.*, 365 F.3d 353, 361 (5th Cir. 2004) (internal citations omitted).

### 3. Analysis of Plaintiff's Claims

Plaintiff asserts claims for wrongful termination, defamation, incompetence/negligence, violation of state labor laws, perjury, tampering with evidence, workplace sabotage, criminal conspiracy, and concealment–failure to disclose. ECF No. 14. Under the two-step inquiry outlined in *Iqbal*, the court first identifies and disregards conclusory allegations. 556 U.S. at 664. Legal conclusions, or "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not entitled the assumption of truth. *Id.* at 678. Neither "unsupported conclusions . . . of mixed fact and law" nor "unwarranted deductions" are acceptable. *Stanton v. United States*, 434 F.2d 1273, 1276 (5th Cir. 1970); *Southland*, 365 F.3d at 361. Second, the court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Iqbal*, 556 U.S. at 664. The court addresses each of Plaintiff's claims in turn.

### A. Wrongful Termination

Plaintiff asserts that Defendant wrongfully terminated his employment for "no legal reason." ECF No. 4 at 2. Under Texas law, "an at-will employee may be fired for a good reason, a bad reason, or no reason at all." *Safeshred, Inc. v. Martinez*, 365 S.W.3d 655, 660 (Tex. 2012) (citing *Montgomery Cnty. Hosp. Dist. v. Brown*, 965 S.W.2d 501, 502 (Tex. 1998)). There is no indication that Plaintiff was under an employment contract. Thus, Plaintiff

appears to have been an at-will employee. Defendant did not need a reason to terminate Plaintiff.

Plaintiff's pleadings do not indicate that Defendant fired him for an illegal reason. For example, there is nothing to indicate that he was fired because of his gender, race, age, or any other protected characteristic. There is also no indication that Plaintiff was fired for refusing to commit an illegal act in the scope of his employment. *See Sabine Pilot Serv., Inc. v. Hauck*, 687 S.W.2d 733, 735 (Tex. 1985) (recognizing a "narrow exception" to the at-will employment doctrine when an employee is terminated solely for refusing to perform an illegal act at their employer's direction).

It is uncontested that Defendant fired Plaintiff because it perceived that Plaintiff had exchanged inappropriate texts with a co-worker. While reasonable minds could differ about whether Defendant correctly perceived the text messages and reacted appropriately, there is no indication that there was anything illegal about Plaintiff's termination. The court, therefore, **GRANTS** Defendant's Motion to Dismiss as to Plaintiff's claim for wrongful termination.

### B. Defamation

Plaintiff alleges that Defendant defamed him by communicating with TWC and providing it with evidence during the investigation into his claim for unemployment benefits. ECF No. 14 at 2–3. Under Texas law, a defamation claim requires the plaintiff to show that (1) the defendant published to a third party a false statement, (2) the statement was defamatory to the plaintiff, (3) the defendant acted with the requisite degree of fault. *In re Lipsky*, 460 S.W.3d 579, 593 (Tex. 2015). Defamatory statements are "published" if they are communicated orally, in writing, or in print to some third person capable of understanding their defamatory import and in such a way that the third person

did so understand. *Ramos v. Henry C. Beck Co.*, 711 S.W.2d 331, 335 (Tex. App.—Dallas 1986, no writ).

Plaintiff's allegations fail to establish a prima facie claim of defamation. Plaintiff alleges Defendant told TWC that it had terminated Plaintiff's employment for sexual harassment. ECF No. 14 at 2. He asserts that TWC found that Defendant's statement was not true. *Id.* In support, Plaintiff attached a copy of TWC's letter explaining its determination on his benefits claim. ECF No. 4-3 at 2–3. The letter concludes that "[t]he available evidence did not establish misconduct," as defined by Texas Labor Code § 201.012. *See* Tex. Lab. Code Ann. § 207.044(a) ("An individual is disqualified for benefits if the individual was discharged for misconduct connected with the individual's last work."). That conclusion, however, merely reflects the fact that Defendant and TWC disagreed about whether Plaintiff's actions rose to the level of misconduct. It does not support Plaintiff's assertion that Defendant made a false statement in the course of the investigation. It is undisputed that Defendant terminated Plaintiff because it believed that the text messages that he sent to his co-worker constituted sexual harassment. Plaintiff clearly disagrees with Defendant's interpretation of those text messages. That disagreement, however, does not change Defendant's interpretation of the messages, and it does not make that interpretation "false."

Plaintiff's defamation claim also fails because he has not alleged that Defendant made the statement with the requisite degree of fault. A plaintiff who is a private individual, as opposed to a public figure, must show that the defendant acted negligently in making the defamatory statement. *Lipsky*, 460 S.W.3d at 593 (citing *WFAA-TV, Inc. v. McLemore*, 978 S.W.2d 568, 571 (Tex. 1998)). The defendant acts negligently if they knew or should have known that the defamatory statement was false. *WFAA-TV*, 978

S.W.2d at 571 (citation omitted). Plaintiff appears to assert that Defendant's statement to TWC was negligent because Defendant should have known that the alleged defamatory statement—that it terminated Plaintiff for sexual harassment—was false. ECF No. 14 at 2. Again, Defendant believed that the text messages that Plaintiff sent to his co-worker constituted sexual harassment. Defendant was not negligent in reporting to TWC that it terminated Plaintiff for sexual harassment.

Further, an employer has a qualified privilege against defamation liability for "communications made in the course of an investigation following a report of employee wrongdoing." *Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 646 (Tex. 1995) (citation omitted). The privilege remains intact as long as "communications pass only to persons having an interest or duty in the matter to which the communications relate." *Id.*

Here, the alleged defamatory statement was communicated directly to TWC by Defendant during an investigation into Plaintiff's eligibility for unemployment benefits. ECF No. 14 at 2. TWC conducted that investigation upon receiving information that Defendant terminated Plaintiff's employment for alleged sexual harassment. Defendant's communication of the alleged defamatory communication thus falls within the employer qualified privilege. Accordingly, Defendant cannot be held liable for defamation based on the communications made to TWC.

For these reasons, the court **GRANTS** Defendant's Motion to Dismiss as to Plaintiff's defamation claim.

### C. Incompetence/Negligence

Plaintiff alleges that Defendant was incompetent and negligent because Defendant did not understand "what sexual harassment was," and did "not [] know State of Texas labor Laws regarding employee off time and payment of wages . . . ." ECF

10

No. 14 at 2. Plaintiff has not identified a specific tort or cause of action that Defendant committed as a result of its alleged incompetence or lack of knowledge. Generally, incompetence "is not a cause of action recognized by law." *Karchin v. Metzenbaum*, 587 F. Supp. 563, 565 (N.D. Ohio 1983). Plaintiff's allegations under the "Incompetence/Negligence" heading appear to be a recasting of Plaintiff's wrongful termination claim. But, again, termination for any reason—or no reason at all—is allowed under Texas law, as long as it is not for an illegal reason. Plaintiff's claim of incompetence is **DISMISSED** for failure to state a claim.

Based on the same assertions that purportedly underlie his claim for "incompetence," Plaintiff asserts a claim for negligence. ECF No. 14 at 2. Under Texas law, a prima facie claim for negligence requires a showing of (1) a legal duty; (2) breach of that duty; and (3) damages proximately resulting from the breach. *Praesel v. Johnson,* 967 S.W.2d 391, 394 (Tex. 1998). The existence of a legal duty is a threshold question of law. *St. John v. Pope,* 901 S.W.2d 420, 424 (Tex. 1995) (citing *Bird v. W.C.W.,* 868 S.W.2d 767, 769 (Tex. 1994)).

Plaintiff does not identify nor explain what legal duty Defendant owed to him. He appears to argue that Defendant had a duty to know about certain aspects of the law. The court is not aware of any duty to know the law, unless perhaps that failure resulted in an illegal act, such as a failure to pay minimum wage, or to take an adverse action based on an employee's protected characteristic. But those types of actionable wrongs are grounded in specific statutory causes of action that are not at issue here. Again, this appears to be an attempt to recast the wrongful termination claim, which the court has already addressed. Because Plaintiff has not alleged that Defendant owed him a legal duty, Defendant's Motion to Dismiss is **GRANTED** as to Plaintiff's claims for negligence.

### D. Claims under Texas Labor Laws

Plaintiff does not specify which provisions of Texas labor laws apply to his claims. In his Amended Complaint, under the heading for "Breaking of State of Texas Labor Laws," Plaintiff asserts:

> An employee is supposed to have a 24hr rest period every 7 days that I was denied of for about 4 months straight right before being wrongfully terminated. Also in that 4 months [Defendant] knew that I was only supposed to work 48 hours a week. They also knew that I was a salaried employee working 70 plus hours and not being paid more for it.

ECF No. 14 at 2.

Under Section 52.001 of the Texas Labor Code, an employer must not deny its employees "at least one period of 24 consecutive hours of time off for rest or worship in each seven-day period." "The time off must be in addition to the regular periods of rest allowed during each day worked." Tex. Lab. Code Ann. § 52.001. However, the Texas Labor Code specifies that "[a]n offense under this section is a Class C misdemeanor." *Id.* § 52.003. The Code does not provide a private cause of action for violations of Section 52.001.

Because there is no private cause of action for offenses of Section 52.001, to the extent that Plaintiff intended to bring a claim under this provision, his claim fails. *Cf. Chandler v. Pilgrim's Pride Corp.*, No. 20-0344, 2021 WL 2786558, at *2 (E.D. Tex. Mar. 22, 2021) (citing *Brown v. De La Cruz*, 156 S.W.3d 560, 567 (Tex. 2004) for the proposition that that a private cause of action will not be implied in a Texas statute absent explicit legislative intent) (dismissing a civil action because Texas Labor Code § 52.031 does not create an implied private cause of action).

While Plaintiff does not mention any federal labor laws and limits his claims to "State of Texas Labor Laws," he does mention

12

the number of hours he worked. ECF No. 14 at 2. The court thus considers whether Plaintiff has stated a claim under the Fair Labor Standards Act (FLSA). An employee bringing an action for unpaid overtime compensation under the FLSA must show (1) that there was an employer–employee relationship during the unpaid overtime periods claimed; (2) that the employee engaged in activities within the FLSA's coverage; (3) that the employer violated the FLSA's overtime wage requirements; and (4) the amount of overtime compensation due. *Johnson v. Heckmann Water Res. (CVR), Inc.*, 758 F.3d 627, 630 (5th Cir. 2014). Under federal labor regulations, for employees engaged in interstate commerce, "[e]xcept as otherwise provided in this section, no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the [forty] hours . . . ." 29 U.S.C. § 207.

Plaintiff has not alleged facts sufficient to establish the last two elements. In his complaint, Plaintiff states that he was a "salaried employee." ECF No. 14 at 2. He asserts that he "was only supposed to work 48 hours a week." *Id.* at 2. He alleges that Defendant "knew that [he] was a salaried employee working 70 plus hours and not being paid more for it." *Id.* Plaintiff asserts that one of the exhibits attached to his complaint "show[s] that [he] was working multiple weeks every day of the week and sometimes from open to close . . . ." *Id.* at 5 (citing ECF No. 4-6).

Again, in evaluating a complaint under Rule 12(b)(6), the court "will not strain to find interferences favorable to the plaintiffs." *Southland*, 365 F.3d at 361 (internal quotation omitted). It is not clear from Plaintiff's pleadings whether he is entitled to overtime wages under federal law. He does not state whether he was an exempt or non-exempt employee. *See* 29 U.S.C. § 213(a)(1) (exempting "employee[s] employed in a bona fide

13

executive, administrative, or professional capacity" from minimum wage and maximum hour requirements);  29 C.F.R. § 541.100 (defining the term "employee employed in a bona fide executive capacity").

Even if Plaintiff had pleaded that he was a non-exempt salaried employee, he fails on the fourth element. He has not pleaded facts sufficient to show the amount of overtime compensation that he believes he is entitled to. While the work schedules that Plaintiff provided show that he worked in excess of forty hours for some seven-day periods, the court cannot determine whether that was a routine or reoccurring event, and it cannot determine what hours Plaintiff was expected to work. Moreover, Plaintiff does not specify what hours he was paid for. He merely states that he was "not being paid more" for the hours he worked.

For these reasons, Plaintiff has failed to state a claim under the FLSA. Defendant's Motion to Dismiss is **GRANTED** as to Plaintiff's claims under the Texas Labor Code and the FLSA.

### *E. Perjury*

Plaintiff alleges that Defendant's general denial, ECF No. 1-4, "was full of lies and partial lies." ECF No. 14 at 2. Under Texas law, "[a] person commits an offense if, with intent to deceive and with knowledge of the statement's meaning: he makes a false statement under oath or swears to the truth of a false statement previously made and the statements is required or authorized by law to be made under oath; or he makes a false unsworn declaration." Tex. Penal Code Ann. § 37.02. Plaintiff does not explain how a general denial, which is allowed under Texas Rule Civil Procedure 85, rises to the level of perjury.

Moreover, there is no private cause of action for civil perjury under Texas law. *Tummel v. Milane*, No. 18-0339,  2019 WL

14

366708, at *8 (S.D. Tex. Jan. 30, 2019). Accordingly, Defendant's Motion to Dismiss Plaintiff's claim of perjury is **GRANTED**.

### F. Tampering with Evidence and Criminal Conspiracy

Plaintiff asserts that Defendant tampered with evidence during the internal investigation of the sexual harassment allegation against him and criminally conspired with the third party conducting the investigation. ECF No. 14 at 2–4. Tampering with evidence and criminal conspiracy are criminal offenses under state law. Tex. Penal Code Ann. §§ 15.02, 37.09. A private right of action was not explicitly created for either offense. Plaintiff does not argue that either criminal code section should be construed to create a private right of action. Absent some clear indication that the Texas legislature intended to create a private right of action, the court should not construe a statute to create one. *Brown,* 156 S.W.3d at 567.

Because there is no private right of action for either alleged claim, Defendant's Motion to Dismiss is **GRANTED** as to Plaintiff's claims of tampering with evidence and criminal conspiracy.

### G. Workplace Sabotage

Plaintiff alleges that the treatment he received by Defendant's managers sabotaged his ability to perform his work duties and resulted in him working seventy-plus hour weeks. ECF No. 14 at 3. Plaintiff also asserts that Defendant's district manager "said to [him] in a few different ways that she never would of [sic] hired [him] as a Store Manager." *Id.* Sabotage, according to Plaintiff, also occurred when he was not given an opportunity during work hours to prepare a written statement concerning the allegations against him because he was terminated from his position. *Id.*

15

Workplace sabotage is not a recognized claim in Texas. The court is not aware of any cause of action that would provide recovery based on the facts alleged. Plaintiff merely makes general complaints about work conditions and management, which are not sufficient to recover damages under any cause of action.

Defendant's Motion to Dismiss is **GRANTED** as to Plaintiff's claim of workplace sabotage.

### H. Concealment (Failure to Disclose)

Under a heading titled "Concealment- Failure to Disclose," Plaintiff alleges that Defendant's general denial (ECF No. 1-4) "seems like a cover-up, of the facts of the case based on what happened and the evidence provided . . . ." ECF No. 14 at 4. The court construes Plaintiff's allegations as an attempt to state a claim for fraudulent concealment.

In Texas, a claim for fraudulent concealment requires the plaintiff to prove that (1) the defendant concealed or failed to disclose a material fact within the defendant's knowledge; (2) the defendant knew that the plaintiff was ignorant of that material fact and did not have an equal opportunity to discover the truth; (3) the defendant concealed or failed to disclose the material fact with the intent to induce the plaintiff to take some action; and (4) the plaintiff suffered an injury as a result of acting without knowledge of the undisclosed fact. *Bradford v. Vento*, 48 S.W.3d 749, 754–55 (Tex. 2001).

Plaintiff has not alleged facts sufficient to establish any of these elements. As stated above, it is not clear how Defendant's legally permissible general denial could form the basis for fraudulent concealment. It is also clear that the facts of this case are known to Plaintiff. Further, Plaintiff makes no allegation that the Defendant filed its general denial in an effort to induce Plaintiff to take an action. He has not stated a claim for fraudulent

16

concealment. Defendant's Motion to Dismiss is **GRANTED** as to Plaintiff's claim for fraudulent concealment.

### 4. *Leave to Amend is Denied*

"Dismissing an action after giving the plaintiff only one opportunity to state his case is ordinarily unjustified." *Davoodi v. Austin Indep. Sch. Dist.*, 755 F.3d 307, 310 (5th Cir. 2014) (quoting *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986)). If the plaintiff seeks leave to amend, they "must give the court at least some notice of what . . . [their] amendments would be and how those amendments would cure the initial complaint's defects." *Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (citation omitted). The court may deny leave "[i]f the plaintiff does not provide a copy of the amended complaint [or] explain how the defects could be cured[.]" *Id.* (citation omitted). The court may also deny leave to amend when amendment would be futile or when the plaintiff chooses to stand on her complaint and argues that it satisfies the pleading requirements. *See Khoury v. Thota*, No. 20-20578, 2021 WL 3919248, at *4 (5th Cir. Sep. 1, 2021) (affirming the district court's denial of leave to amend when the plaintiff chose to stand on his complaint and argued that it satisfied the pleading requirements); *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (discussing futility of amendment as justification for denying leave to amend).

Here, Plaintiff has not requested to amend again or submitted proposed amendments. He did not respond to Defendant's Motion to Dismiss. He has already amended his complaint twice—once as a matter of right following removal, and once with leave of court after the initial conference. He failed to comply with the court's directives concerning his amended complaint, including the court's order to not make reference to earlier-filed documents or pleadings within the amended

17

complaint. The court has no reason to believe that Plaintiff could amend his petition in such a way to remedy its defects and thus concludes that amendment would be futile. Any request for leave to amend is denied.

### 5. Conclusion

Because Plaintiff failed to state a claim against Defendant, Defendant's Motion to Dismiss, ECF No. 15, is **GRANTED** and all of Plaintiff's claims against Defendant are **DISMISSED with prejudice**. The court will separately enter final judgment.

Signed at Houston, Texas, on July 1, 2026.

_____
Peter Bray
United States Magistrate Judge

18